UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61824

AREEB MALIK, individually and on
behalf of all those similarly situated,

    Plaintiff,

v.

POLLACK & ROSEN, INC.,

    Defendants.

_____/

**COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff AREEB MALIK ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant POLLACK & ROSEN, INC. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.  JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.  PARTIES**

3.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Defendant is a Florida corporation, with its principal place of business located at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## 3. **DEMAND FOR JURY TRIAL**

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

## 4. **ALLEGATIONS**

8. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

9. The creditor of the Consumer Debt is Capital One Bank (USA), N.A., and the acc

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

PAGE | **2** of **7**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

17. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

18. Defendant mailed a collection letter, dated September 12, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

20. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

21. Defendant identifies itself as a "debt collector" in the Collection Letter.

22. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A), and 1692e(5)**

23. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

24. Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(5) of the FDCPA by failing to adequately inform Plaintiff of the true amount owed to the current creditor, by falsely representing the character and/or amount of the debt, and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

26. In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of  the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§ 1692e(2)(A) and (10).

27. Here, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement between Plaintiff and the original creditor. Critically, however, the amount that the current creditor (whomever it may be) is entitled to recover from Plaintiff goes much further.

28. Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the Consumer Debt. For example, the least sophisticated consumer may believe that he or she can pay the Consumer Debt, in-full, by remitting the principal and interest stated in the Collection Letter to the current creditor, regardless of how much time has passed. This is, of course, false.

29. The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in <u>Anselmi v. Shendell & Associates, P.A.</u>, stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount

PAGE | **4** of **7**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

30. Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from Plaintiff – for example – Defendant did not inform the least sophisticated consumer that the Consumer Debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the Consumer Debt was subject to the accrual of interest or other charges; Defendant did not state whether the Consumer Debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion Consumer Debt; Defendant did not state how or when the purported amount owed by Plaintiff had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from Plaintiff upon securing a judgment against Plaintiff.

31. Thus, in light of the forgoing, Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(5) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the Consumer Debt *was and is* subject.

PAGE | **5** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

### COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(9)

33. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

34. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

35. Here, Defendant knew that, to lawfully attempt to collect the Consumer Debt, it (Defendant) is required to adhere to the requires of the FDCPA. Thus, to lawfully seek the collection of the Consumer Debt, Defendant was required comply with the FDCPA – in particular – § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10).

36. As set forth in *Count I*, Defendant, by and through the Collection Letter, violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA., and as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt via the Collection Letter. Thus, by and through the Collection Letter Defendant violated Fla. Stat. 559.72(9).

37. WHEREFORE, Plaintiff requests the Court enter judgment in favor of and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: July 21, 2019

                                    Respectfully Submitted,

                                    /s/ Jibrael S. Hindi
                                  **JIBRAEL S. HINDI, ESQ.**
                                  Florida Bar No.: 118259
                                  E-mail:   jibrael@jibraellaw.com
                                  **THOMAS J. PATTI, ESQ.**
                                  Florida Bar No.: 118377
                                  E-mail:   tom@jibraellaw.com
                                  The Law Offices of Jibrael S. Hindi
                                  110 SE 6th Street, Suite 1744
                                  Fort Lauderdale, Florida 33301
                                  Phone:    954-907-1136
                                  Fax:       855-529-9540

                                  *COUNSEL FOR PLAINTIFF*