**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:19-cv-61824

AREEB MALIK, individually and on behalf of all those similarly situated,

Plaintiff,

v.

POLLACK & ROSEN, INC.,

Defendant.

_________________________________/

**POLLACK & ROSEN, INC.'S, MOTION TO DISMISS**

POLLACK & ROSEN, INC., through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files its Motion to Dismiss Plaintiff, AREEB MALIK'S ("Plaintiff"),[1] Complaint Seeking Injunctive Relief and Statutory Damages [D.E. 1] ("Complaint") and, as grounds in support hereof, states as follows:

**INTRODUCTION**

1. Plaintiff filed his two-count Complaint alleging causes of action for violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, §559.55, Fla. Stat., *et seq.* ("FCCPA").

2. The gravamen of Plaintiff's FDCPA claim is that the Defendant failed to provide a disclosure that the debt – as set forth in the correspondence attached as Exhibit "A" to the

[1] Plaintiff identifies himself as the party seeking "individually and on behalf of all those similarly situated" in both the Caption and the introductory paragraph of the Complaint. *See*, Complaint, p. 1. However, Plaintiff does not include any class allegations nor does he allege that he is seeking certification of a class and, therefore, Defendant moves to strike same.

Complaint – does not disclose whether the amount includes accrued/accruing interest and fees and that this is misleading and/or confusing to the least sophisticated consumer. *See,* Complaint, ¶ 28. Plaintiff further alleges that the violation of the FDCPA constitutes a violation of the FCCPA. *See*, Complaint, ¶¶ 35-36.

3. Plaintiff identifies "POLLACK & ROSEN, INC." as the Defendant who engaged in such collection activity.

4. Plaintiff also alleges that "POLLACK & ROSEN, INC." mailed a collection letter to him (the "Collection Letter") and attached a copy of the Collection Letter to the Complaint at Exhibit "A." *See,* Complaint, ¶ 18 and Ex. A.

5. However, the "Collection Letter" is from **Pollack & Rosen, P.A.** *See,* Complaint, Ex. "A."

6. Defendant "POLLACK & ROSEN, INC." is not Pollack & Rosen, P.A., the entity that is identified on the Collection Letter. Compare Complaint, p. 1 with Ex. A. attached as Exhibit "A."

7. Not only are Plaintiff's allegations in the Complaint repugnant to the exhibit inasmuch as Pollack & Rosen, P.A. as identified on the Collection Letter is not the Defendant identified in the Complaint, but Plaintiff also fails to state a cause of action under either the FDCPA or the FCCPA. Therefore, the Complaint should be dismissed.

**MEMORANDUM OF LAW**

A motion to dismiss is designed to test the legal sufficiency of a complaint. *Gay-Straight Alliance of Okeechobee High School v. School Bd. of Okeechobee County*, 477 F.Supp.2d 1246, 1249 (S.D. Fla. 2007) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)). Thus, to be legally sufficient, a complaint must include:

(1) A short and plain statement of the grounds for the court's jurisdiction;
(2) A short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* Fed. R. Civ. P. 8(a); *Continental 332 Fund, LLC v. Albertelli*, 317 F.Supp.3d 1124, 1136 (M.D. Fla. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (Rule 8's purpose "is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests'"). On review, a motion to dismiss should be granted where it appears the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *South Florida Water Management Dist. v. Montalvo*, 94 F.3d 402, 405–06 (11th Cir. 1996)); *see also Albertelli*, 317 F.Supp.3d at 1136 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("the plaintiff must allege sufficient facts to raise a reasonable inference 'that the defendant is liable for the misconduct alleged'"). For all the reasons explained below, the Complaint must be dismissed.

## I. Plaintiff's Allegations in the Complaint are Contradicted by the Collection Letter

In ruling on a motion to dismiss, the court can look to the content of the exhibits attached to the complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Where the allegations of the complaint conflict with the contents of an exhibit, the exhibit controls. *Id.*; *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (internal citations omitted). Thus, in ruling on a motion to dismiss, a court may construe the unambiguous language of documents attached to or referenced in the complaint, and is not bound by conclusory allegations that contradict contractual provisions. *See, e.g., Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104-05 (11th Cir. 2014).

Here, the Collection Letter, which is incorporated into the Complaint, clearly and unequivocally identifies "Pollack & Rosen, P.A." as the sender. However, contrary to the express words of this letter, Plaintiff identified POLLACK & ROSEN, INC. as the party-Defendant. While scrivener's errors and typographical errors are understandable, the only Exhibit attached to the Complaint identifies– Pollack & Rosen, P.A. – as the source of the Collection Letter at issue. Because the party who is alleged in the Complaint to have violations of the FDCPA and FCCPA is expressly contradicted by the entity who is identified in the Collection Letter attached as Exhibit "A," the Complaint fails to state a cause of action and should be dismissed.

**II. <u>Plaintiff fails to state a cause of action under the FDCPA.</u>**

Plaintiff's FDCPA claim rests on an argument that the Defendant violated the FDCPA because the attached collection letter "failed to provide explicit disclosure of accrued interest and fees which the current creditor can recover." However, this is not an accurate representation of the standard created by the statute or case law and, therefore, this claim should be dismissed with prejudice.

To prevail on a FDCPA claim, a plaintiff must prove: (1) he or she was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector; and (3) the defendant has engaged in an act or omission prohibited under the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360–61 (S.D. Fla. 2000)). Federal courts employ the "least sophisticated consumer" standard to evaluate whether a debt collector's communication violates the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

According to the FDCPA, a debt collector must include the following in its initial written communication regarding a consumer debt:

(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See* 15 U.S.C. § 1692g(a).

According to Plaintiff, there is a sixth factor. Plaintiff correctly points out that some courts, including the Seventh Circuit, have suggested that a collection letter may automatically meet this standard (i.e., be protected by the safe harbor) where additional factors such as interest and fees are itemized. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000). However, the case law to which Plaintiff cites in the Complaint does not stand for the proposition that, as a matter of law, the failure of a defendant to do more than what is specifically required by § 1692g(a), automatically results in a violation of the FDCPA. In fact, courts in this district have held to the contrary.

In *Bryant v. Aargon Collection Agency, Inc.*, 2017 WL 2955532 (S.D. Fla June 30, 2017) and *Harmon v. Robert J. Orovitz, P.A.*, 2007 WL 9701744 (S.D. Fla October, 17, 2007), the Courts granted motions to dismiss finding, as a matter of law, consumers understand that consumer credit card debts accrue interest. Moreover Plaintiff deems not allege – because he cannot – that the alleged debt set forth in the collection letter attached to the Complaint as Exhibit "A" was, in fact, accruing any interest. Thus, the Complaint is devoid of any allegations that would give rise to the need for the use of plaintiff's proposed safe-harbor language in the first instance.

Because Plaintiff is attempting to create a burden on the Defendant that does not otherwise exist and fails to establish that the Defendant was required to fulfill such requirement, the FDCPA claim should be dismissed with prejudice.

**III. <u>Plaintiff fails to state a cause of action under the FCCPA.</u>**

To state a cause of action under the FCCPA, a plaintiff must allege that the debt collector (1) asserted a legal right that did not exist, and (2) had actual knowledge that the right did not exist. *Mesa v. Law Enforcement Systems, LLC*, 2015 WL 12804525, at *5 (S.D. Fla. Aug. 4, 2015); *see Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309–10 (S.D. Fla. 2009); *see also* Fla. Stat. § 559.72(9). It is well-settled that a complaint "must contain more than labels and conclusion, and a formulaic recitation of the elements of a cause of action." *Reese*, 686 F.Supp.2d at 1310 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff alleges that the Defendant violated the FCCPA because the Collection Letter Attached as Exhibit "A" to the Complaint violates the FDCPA. However, Plaintiff's FCCPA claim cannot be predicated upon any of the alleged failures regarding the adequacy of the Collection Letter itself. Rather, an FCCPA violation must be predicated upon the debt collector's actual knowledge that it is asserting a legal right to collect a debt that it does not have. Plaintiff does not allege—because he cannot—that the Defendant had such knowledge. Furthermore, an allegation that the Collection Letter was improperly drafted and, therefore, violated the FDCPA could never properly constitute the elements of a claim under the FCCPA. Therefore, the FCCPA claims should be dismissed with prejudice.

**WHEREFORE**, based on the foregoing, Defendant POLLACK & ROSEN, INC., respectfully requests that this Court grant this Motion to Dismiss, dismiss Plaintiff, AREEB MALIK's

Complaint with prejudice, and award any and all additional relief that this Court deems just and proper.

Dated: August 19, 2019
Boca Raton, FL

Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
*Attorneys for Pollack & Rosen, P.A.*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax: (561) 241-2330
Email: seth@shendellpollock.com

By: /s/ Seth A Kolton
Seth A. Kolton, Esq.
Florida Bar No. 21045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 19th day of August, 2019. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Seth A. Kolton
Seth A. Kolton, Esq.
Florida Bar No. 21045
**SHENDELL & POLLOCK, P.L.**
*Attorneys for Pollack & Rosen, Inc.*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax: (561) 241-2330
seth@shendellpollock.com
steven@shendellpollock.com
grs@shendellpollock.com

Service List:

**Jibrael S. Hindi, Esq.,** The Law Office of Jibrael S. Hindi 110 SE 6th Street, Suite 1744, Ft. Lauderdale, FL 33301 jibrael@jibreallaw.com; tom@jibreallaw.com

**Seth A. Kolton, Esq.,** Shendell & Pollock, P.L., 2700 N. Military Trail - Suite 150, Boca Raton, Florida 33431 seth@shendellpollock.com; steven@shendellpollock.com; grs@shendellpollock.com