UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61824-RKA

AREEB MALIK and HANH DANH,
individually and on behalf of all those
similarly situated,

      Plaintiffs,

v.

 POLLACK & ROSEN, P.A.,

      Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs AREEB MALIK and HANH DANH, individually and on behalf of all those similarly situated, sues Defendant POLLACK & ROSEN, P.A., for violating the Fair Debt Collection Practices Act ("FDCPA").

**1.**     **JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C § 1337, and, for those claims arising under the FCCPA, 28 U.S.C. § 1367.

2.     Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.**     **PARTIES**

3.     Plaintiff Areeb Malik ("Malik") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.      Plaintiff Hanh Danh ("Danh") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Pollack & Rosen, P.A ("Defendant") is a Florida corporation, with its principal place of business located at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

6.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

**3.      DEMAND FOR JURY TRIAL**

7.      Plaintiffs, respectfully, demand a trial by jury on all issues so triable.

**4.      ALLEGATIONS**

8.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection, and Defendant is a business entity otherwise engaged in the business of collecting consumer debts.

9.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     At all times material, Defendant was acting in its capacity as a debt collector with respect to any communication it (Defendant) had with either Malik or Danh.

***PLAINTIFF AREEB MALIK***

11.     On a date better known by Defendant, it (Defendant) began attempting to collect a debt from Malik. Attached hereto as Exhibit "A" is a copy of a letter Defendant mailed to Malik in an attempt to collect such debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12.     At all times material, the debt Defendant sought to collect from Malik arises from an amount Malik allegedly owes and/or owed Capital One Bank (USA) N.A. ("Capital One"), on an unsecured line of credit, with an original account number ending in 7056. *See* <u>Exhibit A</u>.

13.     The collection letter, *see* <u>Exhibit A</u>, represents Defendant's initial communication with Malik in connection with the collection of the debt sought therein.

### *PLAINTIFF HANH DANH*

14.     On a date better known by Defendant, it (Defendant) began attempting to collect a debt from Danh. Attached hereto as Exhibit "B" is a copy of a letter Defendant mailed to Danh in an attempt to collect such debt.

15.     At all times material, the debt Defendant sought to collect from Danh arises from an amount Danh allegedly owes and/or owed Capital One on an unsecured line of credit, with an original account number ending in 7837. *See* <u>Exhibit B</u>.

16.     The collection letter, *see* <u>Exhibit B</u>, represents Defendant's initial communication with Malik in connection with the collection of the debt sought therein

**5.      CLASS ALLEGATIONS**

17.     This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

18.     The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) that attempts to collect a consumer debt (6) that is subject to interest, fees, and other amounts (7) and Defendant fails to inform the least sophisticated consumer thereof, or otherwise unlawfully misrepresents the amount of the underlying debt to the consumer.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twenty-four [24] months preceding the filing of this Complaint (5) that attempts to collect a consumer debt (6) whereby said letter violates the FCCPA as set forth in *Count II*.

20.     Plaintiffs alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which violate the FDCPA and FCCPA as set forth below.

5.1   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

21.     Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

22.     The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

23.     The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

24.     The principal legal issue for the FDCPA Class is whether Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and/or § 1692e(10) of the FDCPA.

25.     The principal legal issue for the FCCPA Class is whether Defendant, by mailing collection letters to consumers in violation of § 1692g(a)(1), § 1692e, § 1692e(2)(A), and/or § 1692e(10) of the FDCPA., violated § 559.72(9) of the FCCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26.     Excluded from the class is Defendant's agents and employees, Plaintiffs' attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

27.     Plaintiffs' claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

28.     Plaintiffs are an adequate representative of each of the classes.

29.     Plaintiffs will fairly and adequately protect the interests of the classes.

30.     Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them (Plaintiffs or Plaintiffs' counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

31.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     Plaintiffs request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10)**

34.     On behalf of the FDCPA Class, Plaintiffs incorporates by reference paragraphs 1-33 as though fully set forth herein.

35.     Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by and through the collection letters it (Defendant) mailed to Plaintiffs and members of the FDCPA in an attempt to collect a consumer debt. Each collection letter Defendant mailed in an attempt to collect a consumer debt fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor, falsely represents the character and/or amount of the debt, and by utilizes false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiffs. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

36.     Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

37.     In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of  the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§ 1692e(2)(A) and (10).

38.     Here, the respective debts Defendant attempted to collect from Plaintiffs, *see* Exhibit A; Exhibit B, is the sum of the principal portion of the original debt and, *inter alia*, the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

interest and fees which may be added to said principal pursuant to underlying agreement. Critically, however, the amount that the current creditor (whomever it may be) is entitled to recover from Plaintiffs goes much further.

39.     Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the current creditor the full amount listed in the collection letter Defendant mailed to the consumer *regardless* of how much time has lapsed. Here, each of the respective debts Defendant sought to collect from Danh and Malik, pursuant to the agreement underlying each debt, continue to accrue fees and interest, of which is compounded on a daily basis.

40.     The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

41.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from Plaintiffs and the FDCPA Class members. For example, each and every collection letter Defendant mailed out in an attempt to collect a consumer debt, *see e.g.,* Exhibit A; Exhibit B, Defendant did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant did not state whether the consumer debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant did not state how or when the purported amount owed by the consumer had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

42.     Thus, in light of the forgoing, Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

43.     WHEREFORE, Plaintiffs, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiffs and the FDCPA Class and against Defendant for:

(a)     Statutory damages, as provided under 15 U.S.C. §1692k;

(b)     Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c)     Such other or further relief as the Court deems proper.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)

44.     On behalf of the FCCPA Class, Plaintiffs incorporates by reference paragraphs 1-44 as though fully set forth herein.

45.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

46.      Here, Defendant knew that, to lawfully attempt to collect a debt from a Florida consumer, it (Defendant) was required to abide by the FDCPA. Thus, to lawfully seek the collection of the any consumer debt from a Florida consumer, Defendant was required comply with the FDCPA – in particular – § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10).

47.     As set forth in *Count I*, Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA., and as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the debts it (Defendant) sought to collect from Plaintiffs. Thus, each collection letter Defendant mailed to Florida consumers in an attempt to collect a consumer debt, such as those received by Plaintiffs, violate Fla. Stat. 559.72(9).

48.     WHEREFORE, Plaintiffs, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiffs and the FCCPA Class and against Defendant for:

(a)     Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b)     Costs and attorneys' fees, as provided under Fla. Stat. §559.77(2);

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(d)     Such other or further relief as the Court deems proper.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: August 27, 2019

Respectfully Submitted,

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com