UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61824

AREEB MALIK and HANH DANH,
individually and on behalf of all those
similarly situated,

      Plaintiffs,

v.

POLLACK & ROSEN, P.A.,

      Defendant.
_____/

**POLLACK & ROSEN, P.A.'S, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT**

      Defendant, POLLACK & ROSEN, P.A. ("Defendant"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files its Motion to Dismiss Plaintiffs, AREEB MALIK and HANH DANH (collectively, the "Plaintiffs"), First Amended Class Action Complaint [D.E. 6] ("Complaint") and, as grounds in support hereof, states as follows:

**INTRODUCTION**

      1.    Plaintiffs filed their two-count Complaint alleging causes of action for violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, §559.55, Fla. Stat., *et seq.* ("FCCPA").

      2.    The gravamen of Plaintiffs' FDCPA claim is that Defendant failed to provide a disclosure that the debt – as set forth in the correspondence attached as Exhibit "A" and Exhibit "B" to the Complaint (together, the "Collection Letters") – does not disclose whether the amount includes accrued/accruing interest and fees and that this is misleading and/or confusing to the least

1

sophisticated consumer. *See*, Complaint, ¶ 39. Plaintiffs further alleges that the violation of the FDCPA constitutes a violation of the FCCPA. *See*, Complaint, ¶¶ 46-47.

3. Because Plaintiffs fail to state a cause of action under either the FDCPA or the FCCPA, the Complaint should be dismissed.

## MEMORANDUM OF LAW

A motion to dismiss is designed to test the legal sufficiency of a complaint. *Gay-Straight Alliance of Okeechobee High School v. School Bd. of Okeechobee County*, 477 F.Supp.2d 1246, 1249 (S.D. Fla. 2007) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)). Thus, to be legally sufficient, a complaint must include:

(1) A short and plain statement of the grounds for the court's jurisdiction;
(2) A short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* Fed. R. Civ. P. 8(a); *Continental 332 Fund, LLC v. Albertelli*, 317 F.Supp.3d 1124, 1136 (M.D. Fla. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (Rule 8's purpose "is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests'"). On review, a motion to dismiss should be granted where it appears the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *South Florida Water Management Dist. v. Montalvo*, 94 F.3d 402, 405–06 (11th Cir. 1996)); *see also Albertelli*, 317 F.Supp.3d at 1136 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("the plaintiff must allege sufficient facts to raise a reasonable inference 'that the defendant is liable for the misconduct alleged'"). For all the reasons explained below, the Complaint must be dismissed.

I.   **Plaintiffs fail to state a cause of action under the FDCPA.**

Plaintiffs FDCPA claim rests on an argument that Defendant violated the FDCPA because the attached collection letters "failed to provide explicit disclosure of accrued interest and fees which the current creditor can recover." However, this is not an accurate representation of the standard created by the statute or case law and, therefore, this claim should be dismissed with prejudice.

To prevail on a FDCPA claim, a plaintiff must prove: (1) he or she was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector; and (3) the defendant has engaged in an act or omission prohibited under the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360–61 (S.D. Fla. 2000)). Federal courts employ the "least sophisticated consumer" standard to evaluate whether a debt collector's communication violates the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

According to the FDCPA, a debt collector must include the following in its initial written communication regarding a consumer debt:

(1)   The amount of the debt;
(2)   The name of the creditor to whom the debt is owed;
(3)   A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)   A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)   A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See* 15 U.S.C. § 1692g(a).

According to Plaintiffs, there is a sixth factor. Plaintiffs correctly point out that some courts, including the Seventh Circuit, have suggested that a collection letter may automatically meet this standard (i.e., be protected by the safe harbor) where additional factors such as interest and fees are itemized. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000). However, the case law to which Plaintiffs cite in the Complaint does not stand for the proposition that, as a matter of law, the failure of a defendant to do more than what is specifically required by § 1692g(a), automatically results in a violation of the FDCPA. In fact, courts in this district have held to the contrary.

In *Bryant v. Aargon Collection Agency, Inc.*, 2017 WL 2955532 (S.D. Fla June 30, 2017) and *Harmon v. Robert J. Orovitz, P.A.*, 2007 WL 9701744 (S.D. Fla October, 17, 2007), Judge Middlebrooks and Judge Ryskamp, respectively, granted motions to dismiss finding, as a matter of law, consumers understand that consumer credit card debts accrue interest. *Bryant,* 2017 WL 2955532 at *6 (citing *Taylor v. Cavalry Inv., LLC*, 365 F. 3d 572, 575 (7th Cir. 2004), *Harmon*, 2007 WL 9701744 at *2 (citations omitted). Moreover Plaintiffs do not allege – because they cannot – that the alleged debt set forth in the collection letters attached to the Complaint as Exhibit "A" and Exhibit "B" were, in fact, accruing any interest. Thus, the Complaint is devoid of any allegations that would give rise to the need for the use of Plaintiffs' proposed safe-harbor language in the first instance.

Because Plaintiffs are attempting to create a burden on Defendant that does not otherwise exist and fail to establish that Defendant was required to fulfill such requirement, the FDCPA claim should be dismissed with prejudice.

II. **Plaintiffs fail to state a cause of action under the FCCPA.**

To state a cause of action under the FCCPA, a plaintiff must allege that the debt collector (1) asserted a legal right that did not exist, and (2) had actual knowledge that the right did not exist. *Mesa v. Law Enforcement Systems, LLC*, 2015 WL 12804525, at *5 (S.D. Fla. Aug. 4, 2015); *see Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309–10 (S.D. Fla. 2009); *see also* Fla. Stat. § 559.72(9).   It is well-settled that a complaint "must contain more than labels and conclusion, and a formulaic recitation of the elements of a cause of action." *Reese*, 686 F.Supp.2d at 1310 (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs allege that Defendant violated the FCCPA because the Collection Letters attached as Exhibit "A" and Exhibit "B" to the Complaint violate the FDCPA.  However, Plaintiffs' FCCPA claim cannot be based on any of the alleged failures regarding the adequacy of the Collection Letters themselves.   Rather, an FCCPA violation must be predicated upon the debt collector's actual knowledge that it is asserting a legal right to collect a debt that it does not have.  Plaintiffs do not allege—again, because they cannot—that Defendant had such knowledge.  Furthermore, any assertion that the Collection Letters were "improperly" drafted and, therefore, violate the FDCPA could never properly constitute the elements of a claim under the FCCPA. Therefore, the FCCPA claim should be dismissed with prejudice.

**WHEREFORE**, based on the foregoing, Defendant, POLLACK & ROSEN, P.A, respectfully requests that this Court grant this Motion to Dismiss, dismiss Plaintiffs, AREEB MALIK and HANH DANH, Complaint with prejudice, and award any and all additional relief that this Court deems just and proper.

5

Dated: November 4, 2019

                        Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
A*ttorneys for Pollack & Rosen, P.A.*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:   (561) 241-2330
Email:   seth@shendellpollock.com

By:   /s/ Seth A Kolton
      Seth A. Kolton, Esq.
      Florida Bar No. 21045

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 4th day of November, 2019. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ *Seth A. Kolton*
      Seth A. Kolton, Esq.
      Florida Bar No. 21045
**SHENDELL & POLLOCK, P.L.**
A*ttorneys for Pollack & Rosen, P.A.*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:   (561) 241-2330
seth@shendellpollock.com
steven@shendellpollock.com
grs@shendellpollock.com

Service List:

**Jibrael S. Hindi, Esq.,** The Law Office of Jibrael S. Hindi 110 SE 6th Street, Suite 1744, Ft. Lauderdale, FL 33301   jibrael@jibreallaw.com; tom@jibreallaw.com

**Seth A. Kolton, Esq.,** Shendell & Pollock, P.L., 2700 N. Military Trail - Suite 150, Boca Raton, Florida 33431   seth@shendellpollock.com; steven@shendellpollock.com; grs@shendellpollock.com