UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-61824-RKA

AREEB MALIK and HANA DANA,

    Plaintiffs,

v.

POLLACK & ROSEN, P.A.,

    Defendant.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff AREEB MALIK ("Plaintiff Malik") and Plaintiff HANA DANA ("Plaintiff Dana") submit this Response in Opposition to Defendant POLLACK & ROSEN, P.A.'s ("Defendant") Motion to Dismiss.

## INTRODUCTION & BACKGROUND

1. On August 27, 2019, Plaintiff Malik and Plaintiff Dana (collectively, the "Plaintiffs") filed the operative Complaint, Plaintiffs' First Amended Complaint (the "FAC") [D.E. 6], alleging Defendant violated the Fair Debt Collection Practices Act (the "FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") by and through the unlawful collection letters it (Defendant) mailed to Plaintiff Malik [D.E. 6-1] and Plaintiff Dana [D.E. 6-2].

2. Plaintiffs allege the collection letters Defendant mailed to Plaintiff (the "Collection Letters") violate four (4) sections of the FDCPA, 15 U.S.C. § 1692g(a)(1), § 1692e, § 1692e(2)(A) and § 1692e(10), and one (1) section of the FDCPA, Fla. Stat. § 559.72(9).

3. On September November 4, 2019, in response to the FAC, Defendant filed the Motion to Dismiss ("Defendant's Motion" or "Motion") [D.E. 24] now before this Court.

Defendant's Motion, however, does not challenge Plaintiffs' claims arising under § 1692e, § 1692e(2)(A), or § 1692e(10). Rather, Defendant's Motion *focuses only on Defendant's alleged violation of 15 U.S.C. § 1692g(a)(1) and Fla. Stat. § 559.72(9)*. Defendant does not challenge, let alone address, Plaintiffs' claims that Defendant, by and through the Collection Letters, violated § 1692e, § 1692e(2)(A), or § 1692e(10) of the FDCPA. For this reason, the remaining unchallenged claims of Plaintiffs will not be discussed.

4.     Simply, the issues before this Court are quite limited. Defendant does not challenge its status as a debt collector, nor does Defendant challenge that it mailed the Collection Letters to Plaintiffs in an attempt to collect a consumer debt. Rather, Defendant focus on whether it (Defendant) engaged in conduct prohibited by the FDCPA. Specifically, as noted above, Defendant *only* takes issue with Plaintiffs claim that Defendant violated § 1692g(a)(1) of the FDCPA and/or 559.72(9) of the FCCPA.

5.     In an attempt to accomplish this, Defendant first mischaracterizes the FAC as claiming Defendant violated the FDCPA and FCCPA *as a matter of law*. As a preliminary matter, and as discussed in more detail below, make no mistake – Plaintiffs *do not* claim Defendant's actions or conduct result in an *automatic* or *per se* violation of either the FDCPA or FCCPA, or that Defendant's actions or conduct are unlawful *as a matter of law*. Violations of the FDCPA and FCCPA, such as those alleged here, are firmly rooted in the least sophisticated consumer standard, of which does contemplate violations *as a matter of law*.

6.     Second, and most critically, the entirety of Defendant's position is perched on the claim that Plaintiffs *cannot* allege that the alleged debts set forth in the Collection Letters were accruing interest. *See* Motion at 4 ("Moreover Plaintiffs do not allege – because they cannot – that the alleged debt set forth in the collection letters attached to the Complaint as Exhibit "A" and

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Exhibit "B" were, in fact, accruing any interest."); *see also* Motion at 5 ("[A]n FCCPA violation must be predicated upon the debt collector's actual knowledge that it is asserting a legal right to collect a debt that it does not have. Plaintiffs do not allege – again, because they cannot – that Defendant had such knowledge."). As discussed below, not only *did* Plaintiffs allege that the underlying debts were accruing interest, *see e.g.,* D.E. 6 at ¶ 39, but Defendant *knew* the underlying debts were accruing interest.

## ARGUMENT

7.      A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

8.      Under Rule (8)(a)(2) of the Federal Rules of Civil Procedure, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), and in doing so, did not radically alter federal pleading standards under Rule 8. Under Twombly, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. Twombly, 550 U.S. at 544-55.

9.      Accordingly, such is consistent with the requirements of Rule 8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pleader is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair notice of what . . . the claim is and the grounds upon which it rests.'" Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007); *see also* Coupons, Inc. v. Stottlemire, 588 F. Supp. 2d. 1069, 1073 (N.D. Cal. 2008) (citing Twombly, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). Moreover, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3rd Cir. 2005).

## STATING A CLAIM UNDER THE FDCPA AND THE LEAST SOPHISTICATED CONSUMER STANDARD

10.     "To state a claim under the FDCPA, a plaintiff must plead: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Bohringer v. Bayview Loan Servicing, LLC, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (*quoting* Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011)). Here, *in addition to ignoring Plaintiffs' claims that Defendant violated §§ 1692e, 1692e(2)(A), and § 1692e(10)*, Defendant's focuses solely on the third element, *in that*, Defendant claims that it *has not engaged in an act or omission prohibited by the FDCPA*.

11.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices

and to protect debt collectors from unreasonable constructions of their communications." <u>Green v. Douglas, Knight & Assocs. (In re Cheaves)</u>, 439 B.R. 220 (Bankr. M.D. Fla. 2010). As the Eleventh Circuit reiterated in <u>LeBlanc v. Unifund CCR Partners</u>:

> That law was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous ..." and [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

601 F.3d 1185, 1194 (11th Cir. 2010) (*citing* <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1172-73 (11th Cir. 1985); *see also* <u>LeBlanc</u>, 601 F.3d 1185 at 1197 ("In <u>Jeter</u>, we explained that where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)); <u>Newman v. Ormond</u>, 456 Fed. Appx. 866 (11th Cir. 2012) (concluding that "where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context"). Simply, whether a collection letter violates the FDCPA is not a determination made in a vacuum. *See, e.g.,* <u>LeBlanc</u>, 601 F.3d 1185, 1195 (11th Cir. 2010) (analyzing the content of the applicable collection letter, ***as a whole****,* and in so doing, proffering hypothetically unlawful interpretations a reasonable juror applying the least sophisticated consumer may reach).

**THE DEBTS DEFENDANT SOUGHT TO COLLECT FROM PLAINTIFFS, BY AND THROUGH THE VIOLATIVE COLLECTION LETTERS, WERE, *IN FACT*, ACCRUING INTEREST AND DEFENDANT KNEW THE DEBTS WERE ACCRUING INTEREST.**

12. Again, as a preliminary matter, Defendant *only* challenges Plaintiffs' claims that it (Defendant) violated § 1692g(a)(1) of the FDCPA and § 559.72(9) of the FCCPA. With that said, the entirety of Defendant's argument rests on the proposition that: (1) the subject debts were *not* accruing interest; and (2) even if the debts were accruing interest, with respect to the FCCPA claim, Defendant did not have any knowledge thereof. These propositions are completely false.

13. The below images are taken directly from Defendant's website, of which the Plaintiffs were expressly directed thereto by their respective Collection Letters.

14. With respect to the collection letter mailed to Plaintiff Malik [D.E. 6-1], the amount of the underlying debt was $2,673.72; however, upon visiting Defendant's website, the amount had changed to $3,024.57, as depicted below:





The following details your account payment history to date.
Please contact us if you have any questions.

**Account Summary**

Creditor    CAPITAL ONE BANK (USA), N.A. (NANFL08)
Account #   N00000048662049
Agency #    3225924
Name        MALIK, AREEB F
Balance     $3,024.57

* Please note your balance may not reflect recent payments that may be in transit.

15. The same is true for Plaintiff Dana. Clearly, the debts are subject to *some* type of interest and/or fees – otherwise Defendant has unlawfully misstated the amount of the underlying debts – and clearly Defendant had knowledge of this fact, as this very information was found on

PAGE | **6** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant's website; however, at this stage, the question before this Court is whether Plaintiffs' successfully plead claims under § 1692g(a)(1) of the FDCPA and § 559.72(9) of the FCCPA.

16. Defendant distills its position as "*[b]ecause Plaintiffs are attempting to create a burden on Defendant that does not otherwise exist and fail to establish that Defendant was required to fulfill such requirement, the FDCPA claim should be dismissed with prejudice*." Motion at 4 (emphasis added). As noted in the FAC, this issue was before Judge Kathleen M. Williams. *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *4 (S.D. Fla. Oct. 29, 2014). Yet, critical to the decision in Anselmi was whether the debt collectors had misrepresented the amount of the debt in the collection letter. Id. ("the Court concludes that the Collection Letter did not violate 15 U.S.C. § 1692g(a) because it specified the amount of the debt owed and that the Collection Letter did not misrepresent the amount of the debt in violation of 15 U.S.C. § 1692e.").

17. Moreover, the two cases which Defendant proffers are premised on are clearly different facts and circumstances. First, Bryant v. Aargon Collection Agency, Inc., 2017 WL 2955532 (S.D. Fla. June 30, 2017) involves a collection letter that contains *safe-harbor* language, *i.e.*, the collection letter at issue in Bryant stated, among other things, "*[t]he amount [of the total balance you owe] may vary due to payments and/or accrual of interest. Because of interest that may vary from day to day the amount due on the day you pay may be greater*." Bryant, 2017 WL 2955532, at *1 (S.D. Fla. June 30, 2017). The Collection Letters contain no such language or disclosures. Second, in Harmon v. Robert J. Orovitz, P.A., 2007 WL 9701744 (S.D. Fla. Oct. 17, 2007), the collection letter at issue had informed the least sophisticated consumer that the underlying debt *had accrued* interest. *See* Harmon, 2007 WL 9701744, at *2 (S.D. Fla. Oct. 17, 2007) (wherein the Court noted, "Defendant sent Plaintiff a letter indicating that she failed to pay a debt in the amount of $1188.62, that she had accrued $334.11 on that amount, and therefore, her

total debt was $1522.37."). Again, the Collection Letters do not disclose, let alone mention, that the underlying debts are subject to interest and *in-fact* were continuing to accrue what, at this stage, is assumed to interest and/or fees. In the same vein, however, the specifics of *what* caused the underlying debts to increase or otherwise be different, *i.e.*, whether it was costs, fees, collection fees, interest, or **perhaps Defendant simply attempted to collect entirely erroneous amounts**, are significant factual aspects and, for that matter, issues far beyond the scope of Defendant's Motion.

18.   Here, at this stage, we are bound by the four corners of the pleadings. Although it is *clear* that the Collection Letters misrepresent the amount of the underlying debt, the extent of that misrepresentation is uncertain and requires, among other things, extrinsic evidence and the fruits of discovery to sufficiently articulate. What is certain at this stage, however, is that Plaintiffs have more than adequately plead a claim under § 1692g(a)(1) of the FDCPA and § 559.72(9). *See e.g,* D.E. 6 at ¶¶ 35-42. Simply put, Defendant cannot, in good faith, claim that the underlying debts were not subject to any interest or fees, let alone claim that it (Defendant) adequality informed the least sophisticated consumer of the *actual* amount of the debt, when the amount of the underlying debts, *per Defendant's own records*, are completely different.

## CONCLUSION

19.   Defendant' attempts to mischaracterize Plaintiffs as claiming Defendant violated the FDCPA and FCCPA *as a matter of law*. Plaintiffs make no such assertion. Further, Defendant makes no attempt, let alone reference, to the *other* violations of the FDCPA alleged by Plaintiffs, and instead, focuses solely on whether Defendant violated § 1692g(a)(1) of the FDCPA or 559.72(9) of the FCCPA. Plaintiffs clearly couch Defendant's misrepresentation of the amount, and/or failure to adequately articulate the amount, of the underlying debts as questions for the jury invoking the least sophisticated consumer standard. *See* LeBlanc, 601 F.3d 1185 at 1197 ("In Jeter,

PAGE | **8** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

we explained that where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)); <u>Newman v. Ormond</u>, 456 Fed. Appx. 866 (11th Cir. 2012) (concluding that "where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context"). Whether the Collection Letters violate § 1692g(a)(1) of the FDCPA and § 559.72(9) of the FCCPA, and for that matter, whether the Collection Letters violate § 1692e, § 1692e(2)(A) and § 1692e(10) of the FDCPA, are clear questions of fact which must be left for the jury to resolve through the lens of the least sophisticated consumer.

WHEREFORE, for the reasons noted above, Plaintiff, respectfully, asks this Court to *deny* Defendant's Motion, award Plaintiff attorneys fees and costs in responding to Defendant's frivolous arguments, and provide any further relief this Court deems just and proper.

DATED: November 19, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 19, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                              Respectfully Submitted,

                                              /s/ Thomas J. Patti             .
                                            **THOMAS J. PATTI, ESQ.**
                                            Florida Bar No.: 118377

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com