UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61824-RKA

AREEB MALIK and HANH DANH,
individually and on behalf of all those
similarly situation,

    Plaintiffs,

v.

POLLACK & ROSEN, P.A.,

    Defendant.
_____/

**DEFENDANT, POLLACK & ROSEN'S, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS', AREEB MALIK AND
HANH DANH, FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, POLLACK & ROSEN, P.A. ("Defendant"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses in response to the First Amended Class Action Complaint (the "Complaint") filed by Plaintiffs, AREEB MALIK ("Malik") and HANH DANH ("Dahn" and, collectively with Malik, the "Plaintiffs"), and states as follows:

**JURISDICTION AND VENUE**

    1.    Admitted for jurisdictional purposes only. Otherwise, denied.

    2.    Admitted for jurisdictional purposes only. Otherwise, denied.

**PARTIES**

    3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3 of the Complaint and, therefore, denies same.

    4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4 of the Complaint and, therefore, denies same.

5. Admitted.

6. Denied as phrased.

**DEMAND FOR JURY TRIAL**

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the Complaint and, therefore, denies same.

**ALLEGATIONS**

8. Admitted that Defendant is a business entity otherwise engaged in the business of collecting consumer debts. Otherwise, denied.

9. Admitted.

10. Admitted.

11. Admitted that Defendant attempted to collect a debt from Malik. Plaintiffs' Exhibit A speaks for itself. Otherwise, denied.

12. Admitted that Defendant sought to collect from Malik a debt owed to Capital One Bank (USA), N.A. ("Capital One"). Plaintiffs' Exhibit A speaks for itself. Otherwise, denied.

13. Plaintiffs' Exhibit A speaks for itself. Otherwise, denied.

14. Admitted that Defendant attempted to collect a debt from Dahn. Plaintiffs' Exhibit B speaks for itself. Otherwise, denied.

15. Admitted that Defendant sought to collect from Malik a debt owed to Capital One. Plaintiffs' Exhibit B speaks for itself. Otherwise, denied.

16. Plaintiffs' Exhibit B speaks for itself. Otherwise, denied.

**CLASS ALLEGATIONS**

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**COUNT I – VIOLATION OF 15 U.S.C. §§ 1692g(a)(1),
§ 1692e, § 1692e(2)(A), and § 1692(e)(10)**

34. Defendant adopts and re-alleges its answers to Paragraphs 1 through 33 as though more fully set forth herein.

35. Denied.

36. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

37. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

38. Federal Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

39. Denied.

40. Paragraph 40 of the Complaint calls for a legal conclusion, therefore a response is not required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 40 of the Complaint and, therefore, denies same.

41. Paragraph 41 of the Complaint calls for a legal conclusion, therefore a response is not required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 41 of the Complaint and, therefore, denies same.

42. Denied.

43. Denied.

WHEREFORE, Defendant, Pollack & Rosen, P.A., demands judgment in its favor and against Plaintiffs, AREEB MALIK and HANH DANH, and respectfully requests that the Court award to Defendant its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k, and award any other relief the Court deems just and proper.

**COUNT II – VIOLATION OF FLA. STAT. § 559.72(9)**

44. Defendant adopts and re-alleges its answers to Paragraphs 1 through 44 [sic] as though more fully set forth herein.

45. Florida Statutes speak for themselves. To the extent inconsistent or otherwise allegations are asserted, then denied.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, Defendant, Pollack & Rosen, P.A., demands judgment in its favor and against Plaintiffs, AREEB MALIK and HANH DANH, and respectfully requests that the Court award to Defendant its reasonable attorneys' fees and costs pursuant to §559.72(2), Fla. Stat., and award any other relief the Court deems just and proper.

## DENIAL OF ANY AND ALL REMAINING ALLEGATIONS

Defendant hereby denies any and all allegations in the Complaint not otherwise responded to herein.

## JURY DEMAND

Defendant demands trial by jury of all issues so triable as of right.

## DEMAND FOR ATTORNEYS' FEES

Pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat., Defendant hereby demands an award of attorneys' fees.

## AFFIRMATIVE DEFENSES

Defendant alleges the following Affirmative Defenses and expressly reserve the right to amend and/or supplement same by agreement of the parties and/or leave of court as discovery is ongoing.

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a plausible claim upon which relief can be granted because the factual allegations are incomplete and/or do not state a claim for relief under the Fair Debt Collection Practices Act ("FDCPA") or the Florida Consumer Collections Practices Act ("FCCPA") against Defendant.

**Second Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because Defendant complied with all statutory, regulatory, and common law requirements.  Accordingly, Plaintiffs' claims are barred by Defendant's compliance with all applicable federal, state and local laws and regulations.

**Third Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because, to the extent Defendant engaged in any conduct which may have violated any provision of the FDCPA or the FCCPA, such violation was unintentional, accidental, and as a result of a *bona fide* error which occurred notwithstanding the maintenance of procedures reasonably adopted to avoid such error and ensure Defendant's compliance with all applicable statutory, regulatory, and common law requirements.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands because the claims are related to Plaintiffs' own wrongdoing, *i.e.*, the failure to submit required documentation and/or make payment on monies owed, and they have filed this suit in bad faith in the hopes of avoiding the obligation owed.

**Fifth Affirmative Defense**

Defendants relied on the advice of counsel and/or other professionals in the draft of the collection letters at issue and such advice was given with fill knowledge of the relevant facts and, thus, Plaintiffs' claims are barred.

**Sixth Affirmative Defense**

Plaintiffs' FCCPA claim cannot be based on any of the alleged failures regarding the adequacy of the Collection Letters themselves.  Rather, an FCCPA violation must be predicated upon the debt collector's actual knowledge that it is asserting a legal right to collect a debt that it does not have.  Plaintiffs do not allege that Defendant had such knowledge.  Furthermore, any

assertion that the Collection Letters were "improperly" drafted and, therefore, violate the FDCPA could never properly constitute the elements of a claim under the FCCPA.

**WHEREFORE**, Defendant, POLLACK & ROSEN, P.A., respectfully requests that this Honorable Court order that Plaintiffs shall take nothing by this action and go hence without delay, and for such other relief as the Court deems just and necessary.

        **SHENDELL & POLLOCK, P.L.**
*Attorneys for Pollack & Rosen, P.A.*
2700 N Military Trail, Suite 150
Boca Raton, FL 33431
Telephone: (561) 241-2323
Facsimile: (561) 241-2330

By: /s/ Seth A. Kolton
     Seth A. Kolton, Esq.
     Florida Bar No. 021045
     seth@shendellpollock.com
     steven@shendellpollock.com
     grs@shendellpollock.com