UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61824-RKA

AREEB MALIK and HANH DANH,
individually and on behalf of all those
similarly situated,

    Plaintiffs,

v.

POLLACK & ROSEN, P.A.,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, POLLOCK & ROSEN P.A. ("P&R"), through undersigned counsel and pursuant to Fed. R. Civ. P. 26(b)(2)(C), moves this Court for the entry of an order restricting the subjects of inquiry proposed by the Plaintiffs during the deposition of the corporate representative of P&R.  As grounds in support hereof, P&R states:

**I.**      **INTRODUCTION**

1.  This case involves claims for violation of the Federal Debt Collection Practices Act ("FDCPA") and the Florida Consumer Credit Protection Act ("FCCPA").  Among other things, Plaintiffs, AREEB MALIK and HAHN DAHN, allege that P&R violated the FDCPA and the FCCPA by sending collection letters that failed to advise the debtor Plaintiffs that interest was accruing on their accounts.

2.  On December 26, 2019, Plaintiffs served a *Notice of Deposition Duces Tecum* ("NDDT") seeking testimony from P&R's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).  A copy of the NDDT and Exhibit "A" thereto are attached as Composite "**Exhibit 1**."

3. Exhibit "A" to the NDDT included a list of 19 topics about which Plaintiffs were seeking testimony. While many of the topics are relevant to Plaintiffs' claims and P&R's defenses, several of the topics, set forth below, are objectionable because, among other things, the topics exceed the scope of discovery as set forth in Fed R. Civ. P. 26(b)(1), or seek discovery that is otherwise not proper under current case law.

4. P&R seeks a protective order limiting the scope of the deposition and/or barring Plaintiff from engaging in impermissible discovery.

## II. ARGUMENT

Fed. R. Civ. P. 26(b)(1) provides, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See*, *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649 (S.D. Fla. May 22, 2007)("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action."). Where a party seeks discovery that is improper or impermissible, Fed. R. Civ. P. 26(c) provides that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. (b)(2)(C)(iii). Under Fed. R. Civ. P. 26(c), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding the disclosure or discovery; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

Here, the Court should enter a protective order pursuant to Rule 26(c) to limit the topics about which Plaintiffs can inquire of P&R's corporate representative. It is stated within the statute that parties are not entitled to obtain discovery for irrelevant matters or for inquiries that are not likely to lead to relevant information. Fed. R. Civ. P. 26(b)(2)(C)(iii). A matter is deemed to be irrelevant if it does not pertain to a claim or defense. *Wrangen v. Pennsylvania Lubermans Mut. Ins. Co.,* 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The topics listed for inquiry, and specifically objected to in this motion, are not crafted to lead to any relevant information that pertains to any claim made by the Plaintiff.

**Topic #2: The Primary Purpose of Defendant's Business**

Under Fed. R. Civ. P. 26(b)(1), the moving party may obtain non-privileged information that is relevant to any party's claim or defense. "However, when relevancy (of the requested discovery) is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *American Fed'n of State, County, & Mun. Emp. (AFSCME) Council 79 v. Rick Scott, in his Official Capacity as Governor of the State of Florida*, 277 F.R.D 474, 477 (S.D. Fla. 2011) (quoting *Dean v. Anderson,* No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002)). Here, Plaintiffs have asserted that P&R engaged in the collection of a debt and that its conduct was violative of specific provisions of the FDCPA and the FCCPA. Thus, for purposes of Plaintiffs' claims, it is of no moment what P&R's primary business is. Rather, Plaintiffs seek to engage in a fishing expedition to uncover information that is potentially inflammatory and/or damaging to P&R but has no relevance to the matters at issues in this case. The Court should enter a protective order prohibiting Plaintiffs from asking questions about the primary purpose of P&R's business.

**Topic #8: Defendant's Agreement and/or Relationship with Pollock & Rosen, Inc.**

Similar to Topic 2, above (the primary purpose of P&R's business), any agreements that P&R has with Pollack & Rosen, Inc. are entirely irrelevant to this case. *See*, *AFSCME Council 79*, 277 F.R.D. at 477 (citation omitted); Fed. R. Civ. P. 26(b)(1). While the two entities have similar names – Pollack & Rosen, Inc. and Pollack & Rosen P.A., – they are separate and distinct entities. Moreover, Pollack & Rosen, Inc., is not a party to this case,[1] nor are there any allegations in the Amended Complaint that relate to Pollack & Rosen, Inc., let alone give rise to a basis for discovery relating to this entity. Again, Plaintiffs seek to engage in a fishing expedition that is designed to uncover information that is potentially inflammatory and/or damaging to P&R but has no relevance to the matters at issues in this case. Therefore, the Court should enter a protective order prohibiting Plaintiffs from asking questions about P&R's relationship with Pollack & Rosen, Inc.

**Topic #10: The Percentage of Defendant's Business Which Involves Debt Collection**

This topic also bears no relevance upon the issues relating to whether P&R violated the FDCPA and/or the FCCPA. *See*, *AFSCME Council 79*, 277 F.R.D. at 477 (citation omitted); Fed. R. Civ. P. 26(b)(1). Indeed, it makes no difference whether Plaintiffs are the only debts that P&R sought to collect (they are not) or it is the only business in which P&R engages. Yet again, Plaintiffs seek to engage in a fishing expedition that is designed to uncover information that is potentially inflammatory and/or damaging to P&R but has no relevance to the matters at issues in this case. Therefore, the Court should enter a protective order prohibiting Plaintiffs from asking questions about the percentage of P&R's business that involves debt collection

---

[1] Interestingly, Dahn filed a nearly identical lawsuit in this District captioned *Dahn v. Pollack & Rosen, Inc.*, S.D. Fla. Case No. 0:19-cv-61666. After Pollack & Rosen, Inc., filed a Motion to Dismiss in that case [DE 9], based upon, among other things naming the wrong party, Dahn filed a Notice of Voluntary Dismissal without Prejudice [DE 11] and was subsequently added as a Plaintiff to this case when Malik amended his complaint [DE 6].

**Topic #15: Defendant's Registration, or Lack Thereof, as a "Consumer Collection Agency" With the Florida Department of State**

Plaintiffs have not asserted a claim relating to whether P&R was registered as a consumer collection agency and, thus, Plaintiffs should not be able to inquire into that subject matter as it bears no relevance to the issues in this case. *See*, *AFSCME Council 79*, 277 F.R.D. at 477 (citation omitted); Fed. R. Civ. P. 26(b)(1).  Whether an entity is registered as a "Consumer Collection Agency" is a matter of public record and, moreover, P&R is a law firm and is, thus, exempt from the registration requirements. § 559.553(3)(b) Fla. Stat. (2019).  Nonetheless, in the absence of any allegations regarding alleged violations of the FDCPA and/or FCCPA based upon lack of registration as a "Consumer Collection Agency," the Court should enter a protective order prohibiting Plaintiffs from asking about same.

**Topic #19: Defendant's Net Worth for the Years 2016, 2017, and 2018**

Under the FDCPA and FCCPA, Plaintiffs can recover statutory damages or actual damages, neither of which are related to P&R's net worth. 15 USC § 1692k(a); § 559.77(2) Fla. Stat. (2019).  Additionally, Plaintiffs do not seek to recover punitive damages, nor have the set forth a reasonable basis to support same (undoubtedly because they cannot). *See*, *Alexander v. Allen*, No. 2:13-cv-885-FtM-29CM, 2014 WL 3887490, *2 (M.D. Fla. Aug. 7, 2014) (*quoting Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010)).  In *Alexander*, the Court explained why a Plaintiff needs to establish a reasonable basis to support punitive damages (in addition to alleging same):

> [B]ecause of its increased potential for abuse, however, courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery, although the required showing is not overly strenuous.

*Alexander*, 2014 WL 3887490 at *2 (citation omitted).  Here, it is undeniable that Plaintiffs are seeking to discover information that is not relevant to their claims or damages.  Therefore, the Court should enter a protective order prohibiting Plaintiffs from asking about P&R's net worth.

**WHEREFORE**, Defendant, POLLACK & ROSEN, P.A., respectfully requests this Court grant this Motion for a Protective Order, enter a Protective Order prohibiting Plaintiffs, AREEB MALIK and HAHN DAHN, from asking questions about the topics set forth in this Motion, and award any and all additional relief that this Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

In accordance with Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel for the Movant has conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: January 16, 2020

**SHENDELL & POLLOCK, P.L.**
*Attorneys for Pollack & Rosen, P.A.*
2700 N Military Trail, Suite 150
Boca Raton, FL 33431
Telephone: (561) 241-2323
Facsimile: (561) 241-2330

By:  /s/ Seth A. Kolton
  Seth A. Kolton, Esq.
  Florida Bar No. 021045
  seth@shendellpollock.com
  steven@shendellpollock.com
  grs@shendellpollock.com